United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 27, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

02-31096

TRUETT MILEY,

Plaintiff-Appellant,

VERSUS

GRAHAM STONE; SHARON STONE,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana
(98-CV-882)

Before DAVIS, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[1]

This is a suit for damages for copyright infringement. After a five day bench trial the district court granted Judgment on Partial Findings in favor of the Defendants. Plaintiff appeals. We affirm.

FACTS

Plaintiff-Appellant Truett Miley ("Miley") built his home in Baton Rouge, Louisiana based on plans drawn by an architect, Mark

---

[1] Pursuant to 5ᴛʜ Cɪʀ. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᴛʜ Cɪʀ. R. 47.5.4.

Montgomery ("Montgomery"), from sketches furnished by Miley. Some years later, Graham and Sharon Stone ("the Stones") began construction of their home on the same street as and near to Miley's. The plans for the Stone home were drawn by Louis Ravasio ("Ravasio") to whom the Stones furnished sketches, photos and clippings of various elements they wished incorporated into their home. Neither the Stones nor Ravasio ever examined the plan for Miley's home, and Ravasio never viewed the interior of it, although Sharon Stone did see its first-floor interior while under construction.

Apparently concluding that the Stones were copying his home, Miley took the following steps during the late stages of the construction of the Stone home: Miley and Montgomery executed an assignment by which Montgomery assigned to Miley all copyright rights and privileges in and to the plans. Several months later Montgomery assigned to Miley all copyright rights in and to the house itself. Several days later Miley brought this suit. The bench trial lasted five days during which the court heard testimony from the parties, Montgomery, Ravasio and architectural experts. The court compared scaled drawings of the two houses and personally toured and compared both houses. When Miley rested his case the Stones moved for Judgment on Partial Findings, Fed. R. Civ. P. 52 (c). The district court granted the motion.

We assume without deciding that Miley does indeed own an enforceable copyright. The district court held, among other

things, that the Stone home was not substantially similar to the Miley home.  "Substantial similarity" is what is required to prove copyright infringement in the context of this case.  *Bridgmon v. Array Sys. Corp.,* 325 F.3d 572, 576 (5ᵗʰ Cir. 2003).  This is a determination "typically...left to the fact-finder."  *Id.* at 577.  We have carefully examined the record and considered the argument and briefs of counsel and find no clear error in that determination.  *See Samson v. Apollo Res., Inc*., 242 F.3d 629, 632 (5ᵗʰ Cir.) (applying clear error standard to findings made pursuant to a Rule 52(c) judgment), <u>cert. denied</u>, 534 U.S. 825 (2001); *Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc*., 220 F.3d 396, 399 (5ᵗʰ Cir. 2000) (applying clear error standard to factual findings in infringement case).  Accordingly, we affirm.

AFFIRMED.